

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC – 8 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TEXAS HEALTH RESOURCES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | NO. 4:09-CV-547-A |
| | § | |
| GROUP & PENSION ADMINISTRATORS, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand of
plaintiffs, Texas Health Resources, Texas Health Presbyterian
Hospital Dallas, Texas Health Harris Methodist Hospital HEB,
Texas Health Arlington Memorial Hospital, and Texas Health Harris
Methodist Fort Worth. Having considered plaintiffs' motion, the
response of defendant, Group & Pension Administrators, Inc.,
plaintiffs' reply, and applicable legal authorities, the court
concludes that the motion should be granted.

I.

Background and Procedural History

A.   The Removal

Defendant removed this action from the 348th Judicial
District Court, Tarrant County, Texas, by notice of removal filed

September 16, 2009. Defendant alleges that this court has
jurisdiction because "[p]laintiffs' claims 'relate to' one or
more benefit plans and are preempted by" the federal Employee
Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §
1001, <u>et seq</u>. Notice of Removal at 3.

B.   <u>The Claims Alleged by Plaintiffs in the State Court Action</u>

Plaintiff Texas Health Resources is a non-profit hospital
system affiliated with various other non-profit hospitals,
including the remaining plaintiffs. Defendant is a corporation
that administers and adjusts claims for health care benefits
arising under various benefit plans. Plaintiffs provide "hospital
goods and services" to patients, who then submit claims under
their health care benefit plans for payment of plaintiffs'
invoices. Notice of Removal, Ex. C-1, Pls.' Original Pet., p. 2.

The state court action arose from letters defendant sent in
or around May 2009 to patients for whom plaintiffs had provided
goods or services, informing the patients that plaintiffs had
overcharged them and that the overcharged amounts were not due
under the terms of their benefit plan.  The portion of the
letters provoking the state court litigation stated:

> **IN PLAIN ENGLISH:**
> * Your medical bill was over-priced.
> * Your Plan had the medical bill audited,

2

          to identify over-charges.
- your Plan paid per the audit--the over-charges were NOT paid.
- The medical provider may directly come after you for the over-charges your Plan did not pay as a result of the audit.
- You do not owe it, according to the terms of your Plan.
- Your Plan has arranged for help--see immediately below.
- If you receive balance due billing statements or other collection efforts **with regard to the amounts found to be in excess of the Allowable Claim Limits**, please contact ELAP, Inc. immediately for assistance.

Id., p. 4 (emphasis in original). Relying on these statements in defendant's letters, plaintiffs asserted various defamation claims as well as claims for business disparagement, tortious interference with existing contracts, and tortious interference with prospective contractual and business relations. Plaintiffs seek to recover for damages to their reputations, "financial loss," "actual, general and special damages," and exemplary damages. Id., pp. 6, 8-11.

C.   The Motion to Remand

     Plaintiffs maintain that their claims arise solely under state law, that they seek "no benefit, derivative or otherwise," owed pursuant to an ERISA plan, and that their "claims do not interfere with the relationships of traditional ERISA entities."

Br. in Support of Pls.' Mot. to Remand at 6. Plaintiffs contend that the damages they seek flow from defendant's state law torts, independent of any duties defendant may have under ERISA.

D.   Defendant's Response to the Motion to Remand

Defendant asserts in its response that ERISA's "extraordinary pre-emptive power" mandates removal because (1) plaintiffs' claims relate to the processing of benefits pursuant to an ERISA plan, thus encompassing an area of federal concern; and (2) plaintiffs' claims directly affect the relationships among traditional ERISA entities, specifically by seeking to affect whether, and in what manner, defendant may communicate with the participants in the various health plans.[1]

II.

Analysis

Defendant, as the party invoking federal court removal jurisdiction, bears the burden of establishing that this court has jurisdiction over the claims. Carpenter v. Wichita Falls

---

[1]Plaintiff initially argued that the record bore no evidence that the health care plans at issue were ERISA plans. In the appendix to its response defendant provided a copy of the "Plan Document and Summary Plan Description" for one of the plans for which it is claims administrator, as well as the affidavit of Madalyn Straughan, defendant's Vice-President of Operations, who attested that most, if not all, of the remaining plans administered by defendant are also ERISA plans with terms similar to the one provided. As plaintiff does not challenge defendant's evidence or its assertions as to the plans, the court will accept the contention that the plans at issue are ERISA plans and will resolve the motion to remand on the remaining grounds.

4

Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Willy v.
Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause
the effect of removal is to deprive the state court of an action
properly before it, removal raises significant federalism
concerns. . . ." Carpenter, 44 F.3d at 365 (internal citations
omitted). The court, therefore, must strictly construe the
removal statute. See id. When, as here, removal is sought under
28 U.S.C. § 1441(b), the right of removal depends on the
existence of a claim or claims within the federal question
jurisdiction of the court. See id. Remand is proper when there
is any doubt as to the existence of federal jurisdiction. Cyr v.
Kaiser Found. Health Plan of Texas, 12 F. Supp.2d 556, 565 (N.D.
Tex. 1998); Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex.
1992).

The existence of federal question jurisdiction is determined
by applying the "well-pleaded" complaint rule. Franchise Tax Bd.
v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983).
Under the rule, the existence of jurisdiction is determined
solely from what appears on the face of plaintiff's complaint.
Id. at 10. However,

> [i]n enacting ERISA, Congress created a comprehensive
> civil-enforcement scheme for employee welfare benefit
> plans that completely preempts any state-law cause of

action that "duplicates, supplements, or supplants" an
ERISA remedy. <u>Aetna Health Inc. v. Davila</u>, 542 U.S.
200, 209 (2004). Complete preemption converts a state
law civil complaint alleging a cause of action that
falls within ERISA's enforcement provisions into "'one
stating a federal claim for purposes of the
well-pleaded complaint rule.'" <u>Id.</u> (quoting <u>Metro. Life
Ins. Co. v. Taylor</u>, 481 U.S. 58, 65-66 (1987)). In
other words, even if the plaintiff did not plead a
federal cause of action on the face of the complaint,
the claim is "'necessarily federal in character'" if it
implicates ERISA's civil enforcement scheme.

<u>Lone Star OB/GYN Assocs. v. Aetna Health Inc.</u>, 579 F.3d 525, 529

(5th Cir. 2009). ERISA's civil enforcement scheme allows a

participant or beneficiary "to recover benefits due to him under

the terms of his plan, to enforce his rights under the terms of

the plan, or to clarify his rights to future benefits under the

terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

The Fifth Circuit applies a two-part test, whereby state law

claims are preempted if "(1) the state law claims address areas

of exclusive federal concern, such as the right to receive

benefits under the terms of an ERISA plan; and (2) the claims

directly affect the relationship between the traditional ERISA

entities--the employer, the plan and its fiduciaries, and the

participants and beneficiaries." <u>Weaver v. Employers

Underwriters, Inc.</u>, 13 F.3d 172, 176 (5th Cir. 1994)(<u>quoting

Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.</u>, 904 F.2d 236, 245

(5th Cir. 1990)).  "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action."  Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).

Defendant argues that plaintiffs' claims address areas of exclusive federal concern because the allegations "relate to" a letter defendant sent to plaintiffs' patients whose health care plans are "administered and adjusted by" defendant. Br. in Supp. of Def.'s Resp. to Motion to Remand at 7. Defendant sent the letter in response to what it considered overcharges to patients under the terms of their health care plans, and those patients, pursuant to the terms of their health care plans, anticipated that defendant would administer and adjust the overcharges. Defendant argues that the letter "undeniably involved payment and processing of claims under an ERISA Plan," and its act of sending the letter was "part of its duties to those patients under their respective ERISA Plans." Id. Defendant contends that plaintiffs' claims are for really for "negligent claims processing" and thus are completely preempted by ERISA.

Plaintiffs counter that none of their claims involve, relate to, or seek damages for claims processing, nor do they seek to

7

interfere with the ordinary communications between defendant and
the plan participants. Rather, they seek only to hold defendant
liable for its defamatory statements contained in the letter and
the resulting interference with its business relations.
Accordingly, plaintiffs contend that nothing in their state court
petition "addresses areas of exclusive federal concern."

Upon review of the briefs and the record, the court is not
persuaded that defendant has carried its burden of demonstrating
that any of plaintiffs' state law claims can be read, either
explicitly or implicitly, as a claim under section 502 of ERISA,
e.g., to recover benefits, enforce existing rights, or clarify
future rights and benefits.  Rather, plaintiffs' claims arise
from defendant's allegedly defamatory statements made in the
letter sent to its plan participants.

Plaintiffs' claims do not arise from, nor do their
allegations concern, an alleged wrongful denial of benefits
brought against a plan administrator, as happened in <u>Davila</u>, 542
U.S. at 204, 214, a case upon which defendant heavily relies.
Plaintiffs' claims are further distinguishable from <u>Mayeaux v.
La. Health Serv. & Indem. Co.</u>, 376 F.3d 420 (5th Cir. 2004),
where the Fifth Circuit held ERISA preempted a treating
physician's state law claims, including defamation, because the

8

substance of his claims was a challenge to the "handling, review, and disposition of a request for coverage." Id. at 432. Unlike in Mayeaux, plaintiffs here challenge only the allegedly defamatory communication in the letter from defendant to plaintiffs' patients, and the resulting consequences, not any determination of coverage or benefits. The court agrees with plaintiffs that their claims are of the type where "state actions [] affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Hook v. Morrison Milling Co., 38 F.3d 776, 781 (5th Cir. 1994)(quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983)). See also Lone Star, 579 F.3d at 532 (claims not involving coverage determinations, but only whether claims were paid at the proper contractual rate, not preempted by ERISA). As none of plaintiffs' state law claims seek relief that "duplicates, supplements or supplants" that provided by ERISA, Davila, 542 U.S. at 209, this court lacks jurisdiction to hear plaintiffs claims and the case must be remanded.[2]

---

[2]Inasmuch as the court concludes that plaintiffs' claims fail to address an area of exclusive federal concern, the court need not determine if the claims directly affect the relationships among the traditional ERISA entities.

### III.

### Order

Therefore,

For the reasons stated above,

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 8, 2009.

_____
JOHN McBRYDE
United States District Judge